*203 UPON A REHEARING EN BANC
CHAFIN, Judge.
At the conclusion of a jury trial, Angela Maye Holt was convicted of obtaining money by false pretenses in violation of Code § 18.2-178 and embezzlement in violation of Code § 18.2-111. She appealed both convictions. On appeal, Holt argued that the evidence failed to establish that she obtained money by false pretenses because it did not prove: 1) that she intended to defraud the victim, or 2) that she made a false representation to him of any past or existing fact. While Holt acknowledged that she failed to make any argument at trial concerning the lack of proof of any false representation, she requested this Court to review the issue under the ends of justice exception to Rule 5A:18. Additionally, Holt argued that the evidence was insufficient to support her conviction of embezzlement because it failed to prove that she was entrusted with the property at issue.
A panel of this Court unanimously reversed Holt’s embezzlement conviction and dismissed the indictment charging her with that offense. Holt v. Commonwealth, No. 1252-14-1, 2015 WL 4622674, 2015 Va.App. LEXIS 238 (Va.Ct.App. Aug. 4, 2015). The panel was divided, however, on whether the ends of justice exception to Rule 5A:18 should have applied to her argument concerning the Commonwealth’s failure to prove any false representation. Id. The panel majority held that the exception did not apply under the facts and circumstances of the case and affirmed her obtaining money by false pretenses conviction. Id. The dissenting judge would have applied the ends of justice exception and reversed Holt’s conviction. Id.
Holt petitioned this Court for a rehearing en banc regarding her false pretenses conviction, only requesting a review of the applicability of the ends of justice exception to her case and the sufficiency of the evidence establishing that she made a false representation of a past or existing fact. The Commonwealth did not file a petition requesting a rehearing en banc concerning Holt’s embezzlement conviction. We granted Holt’s petition for rehearing regarding the issues she present *204 ed therein, stayed the mandate of the panel decision, and reinstated the appeal on the docket of this Court. Upon rehearing the relevant issues en banc, we hold that the ends of justice exception does not apply to Holt’s case and affirm her conviction for obtaining money by false pretenses in violation of Code § 18.2-178.
I. BACKGROUND
“In accordance with established principles of appellate review, we state the facts in the light most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.” Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). So viewed, the evidence relevant to the issues addressed on rehearing en banc is as follows.
Holt and Anthony Banks, the victim in the present case, began dating in 2012. When the relationship began, Banks was only seventeen years old. Holt was twenty-nine years old at that time. In the spring of 2013, Banks agreed to purchase Holt’s Chevrolet Suburban to help her make child support payments. Banks began making periodic payments to Holt for the purchase of the vehicle in March 2013. He made a payment to Holt each time he received a paycheck. Often, Banks would give his entire paycheck to Holt to cover the couple’s living expenses as well as his vehicle payment.
Over the course of approximately five months, Banks paid Holt $900 for the Suburban, and Holt signed the title of the vehicle over to him on July 29, 2013. With Holt’s permission, Banks chose not to register the transaction with the Department of Motor Vehicles (“DMV”) because it was cheaper for him to keep the vehicle on Holt’s automobile insurance policy rather than transfer it to one of his own. Although both parties occasionally drove the Suburban before July 29, 2013, Banks testified that he had physical possession of the vehicle after that date.
*205 On July 16, 2013, Aaron Smalley, Holt’s former boyfriend and the father of her children, was released from incarceration, and he and Holt quickly resumed their romantic relationship. When Smalley came to Holt’s mother’s house to pick up his children on August 2, 2013, Smalley and Banks had an argument that eventually developed into a physical altercation. When Banks called the police, Smalley got into the Suburban and drove away.
Following the altercation, Banks decided to record his title to the Suburban with the DMV in order to regain possession of the vehicle. When he arrived at the DMV three days later, he learned that Holt had obtained a replacement title to the vehicle on August 3, 2013, the day following the altercation, by claiming that the original title to the vehicle had been lost or stolen. Holt’s replacement title rendered Banks’s original title invalid, and neither the Suburban nor the $900 that Banks paid to Holt were ever returned to him. Holt married Smalley approximately four months later in December 2013.
At trial, neither Banks nor Holt testified about any specific statements that Holt made to induce Banks to purchase the vehicle. Banks explained that he needed a vehicle to drive to work and that he agreed to buy Holt’s Suburban to help her make payments on her child support obligations. Holt denied that she ever sold the vehicle to Banks, denied that he paid her money for the vehicle, and claimed that she signed the title so that a third party could purchase the vehicle from her.
In closing argument, the Commonwealth acknowledged that it had to prove that Holt made a false representation of a past or existing fact that induced Banks to purchase the Suburban in order to prove that Holt obtained money by false pretenses. The Commonwealth then argued that Holt had falsely represented “that she would give over the car to Mr. Banks at the end of the transaction.”[1] Holt did not argue *206 that such a representation referenced a future event rather than a past or existing fact,[2] and the jury convicted Holt of obtaining money by false pretenses in violation of Code § 18.2-178.
II. ANALYSIS
On rehearing en banc, we must determine whether the ends of justice exception to Rule 5A:18 allows us to address the merits of Holt’s sufficiency argument under the facts and circumstances of this case. As a preliminary matter, however, we first address certain procedural issues related to en banc review by this Court.
A. EN BANC REVIEW
In Ferguson v. Commonwealth, 51 Va.App. 427, 433, 658 S.E.2d 692, 695 (2008) (quoting Glenn v. Commonwealth, 49 Va.App. 413, 423 n. 3, 642 S.E.2d 282, 287 n. 3 (2007) (en banc)), this Court held that the “ ‘grant of en banc review vacates the prior panel opinion in toto ... [,] ”, and voids “the decision of the panel as to the issues before this Court en banc.” Furthermore, this Court explained that “we do not address en banc the issues raised in [an] appellant’s panel opening brief [that are] not subject to [his or her] petition for rehearing en banc,” and concluded that when issues are *207 addressed by a panel opinion but are not included in an appellant’s petition for rehearing en banc, “we reinstate the panel opinion on the issues not before us.” Id.
Portions of Ferguson are inconsistent with Rule 5A:35, the rule setting forth the procedure for en banc review.[3] Subsection (b) of that rule states:
When all or part of a petition for rehearing en banc is granted, the clerk of this Court shall notify all counsel promptly. The mandate entered is stayed as to all issues decided by the panel pending the decision of the Court en banc. The appeal is reinstated on the docket of the Court for oral argument only as to issues granted.
Rule 5A:35(b) (emphasis added). Subpart (1) of the same subsection, entitled “Issues Considered Upon Rehearing En Banc,” states:
Only issues raised in the petition for rehearing en banc and granted for rehearing or included in the grant by the Court on its own motion are available for briefing, argument, and review by the en banc Court. The Court may grant a petition in whole or in part. Any issue decided by a panel of this Court not subject to a petition for rehearing en banc remains undisturbed by an en banc decision.
Rule 5A:35(b)(l).
While Ferguson and Rule 5A:35 are consistent concerning the scope of the issues considered by this Court on en banc review, they differ concerning the effect of granting an appellant’s petition for rehearing en banc. Ferguson expressly held that a panel decision is vacated by the grant of en banc review, whereas Rule 5A:35 states that the mandate of the panel is stayed by such a grant.
To clarify this inconsistency, we hold that the grant of en banc review stays a panel decision pending review of those issues for which rehearing en banc has been granted but does *208 not vacate it, and we overrule Ferguson to the extent it holds otherwise.[4] Applying this holding and Rule 5A:35 to the case at hand, we address only the issues raised in Holt’s petition for rehearing en banc and reinstate the panel’s decisions regarding the issues not before this Court for en banc review (i.e., the decision concerning Holt’s intent to defraud Banks set forth in Part 11(A)(1) of the panel opinion and the reversal of her embezzlement conviction set forth in Part 11(B) of the panel opinion).
B. APPLICATION OF THE ENDS OF JUSTICE EXCEPTION
Code § 18.2-178CA) provides, in pertinent part, that “[i]f any person obtain, by any false pretense or token, from any person, with intent to defraud, money, a gift certificate or other property that may be the subject of larceny, he shall be deemed guilty of larceny thereof....” To sustain a conviction for larceny by false pretenses,
the Commonwealth must prove: “(1) an intent to defraud; (2) an actual fraud; (3) use of false pretenses for the purpose of perpetrating the fraud; and (4) accomplishment of the fraud by means of the false pretenses used for the purpose, that is, the false pretenses to some degree must have induced the owner to part with his property.”
Riegert v. Commonwealth, 218 Va. 511, 518, 237 S.E.2d 803, 807 (1977) (quoting Bourgeois v. Commonwealth, 217 Va. 268, 272, 227 S.E.2d 714, 717 (1976)); see also Austin v. Commonwealth, 60 Va.App. 60, 66, 723 S.E.2d 633, 636 (2012).
A criminal false pretense has been defined as follows:
“[T]he false representation of a past or existing fact, whether by oral or written words or conduct, which is calculated to deceive, intended to deceive, and does in fact deceive, and by means of which one person obtains value from another *209 without compensation. According to the definition, the false pretense must be a representation as to an existing fact or past event. False representations amounting to mere promises or statements of intention have reference to future events and are not criminal within the statute, even though they induce the party defrauded to part with his property. But if false representations are made, some of which refer to existing facts or past events, while others refer solely to future events, a conviction may be had if it is shown that any of the representations as to existing facts induced the complaining witness to part with his property.”
Parker v. Commonwealth, 275 Va. 150, 154, 654 S.E.2d 580, 582 (2008) (quoting Hubbard v. Commonwealth, 201 Va. 61, 66, 109 S.E.2d 100, 104 (1959)).
Holt argues that the Commonwealth failed to prove that she made a false representation of an existing fact or past event that induced Banks to part with the $900 he paid for the Suburban. Holt contends that even if she falsely represented that she would sell the Suburban to Banks, such a representation constituted a promise or a reference to a future event, and therefore, was insufficient to support her conviction. While Holt concedes that she did not present this argument to the trial court, she requests that we consider this issue under the “ends of justice” exception to Rule 5A:18.
 Rule 5A:18 provides that “[n]o ruling of the trial court ... will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.” “The ends of justice exception is narrow and is to be used sparingly,” and applies only in the extraordinary situation where a miscarriage of justice has occurred. Redman v. Commonwealth, 25 Va.App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va.App. 126, 132, 380 S.E.2d 8, 10 (1989)); see also Gheorghiu v. Commonwealth, 280 Va. 678, 689, 701 S.E.2d 407, 413-14 (2010) (explaining that the ends of justice exception applies in limited circumstances to correct grave *210 injustice). “In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.” Redman, 25 Va.App. at 221-22, 487 S.E.2d at 273.
“The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant.” Brittle v. Commonwealth, 54 Va.App. 505, 514, 680 S.E.2d 335, 340 (2009). “[W]hen an appellant raises a sufficiency of the evidence argument for the first time on appeal, the standard is higher than whether the evidence was insufficient.” Id. “[A]n appellant must do more than show that the Commonwealth failed to prove an element or elements of the offense.” Redman, 25 Va.App. at 221, 487 S.E.2d at 272 (emphasis in original). “In order to avail oneself of the exception, [the appellant] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.” Id. (emphasis in original). “Therefore, ‘in examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.’ ”[5] Flanagan v. Commonwealth, 58 Va.App. 681, 695, 714 S.E.2d 212, 218 (2011) (quoting Wheeler v. Commonwealth, 44 Va.App. 689, 692, 607 S.E.2d 133, 135 (2005)).
Holt’s appellate argument misses “the distinction between lack of proof of an element and affirmative proof that the element did not occur.” Phan Le v. Commonwealth, 65 Va.App. 66, 75, 774 S.E.2d 475, 479 (2015). “[L]ack of proof is not affirmative evidence to the contrary, which would warrant *211 exercising the ‘ends of justice’ exception to Rule 5A:18.” Id. at 75-76, 774 S.E.2d at 480.
While the Commonwealth may have failed to prove a specific representation made by Holt referencing an existing fact or past event, the record does not affirmatively prove that Holt failed to make such a representation. Although Holt’s promise to deliver the Suburban to Banks after he paid the full purchase price for the vehicle referred to a future event, her promise regarding future action does not preclude the existence of another falsely represented past or existing fact. At best, the Commonwealth’s failure to present additional evidence concerning the specific false pretenses that Holt used to defraud Banks only demonstrates that a miscarriage of justice may have occurred, not that a miscarriage of justice did occur. See Redman, 25 Va.App. at 223, 487 S.E.2d at 273.
As Banks and Holt were involved in a romantic relationship and they lived together, Holt had ample opportunity to falsely represent specific existing facts about the Suburban to Banks during the time that he made payments for the vehicle. Furthermore, the evidence presented in this case implied that Holt intended to take advantage of Banks. When Holt and Banks began their romantic relationship, Holt was more than ten years older than Banks and he was a minor. When Smalley was released from incarceration, Holt quickly rekindled her romantic relationship with him and they were married within months. Although she signed the title of the Suburban over to Banks, Holt regained both possession of and title to the vehicle within days of doing so. Based on these circumstances, the jury could have reasonably inferred that Holt’s relationship was a pretext on her part that allowed her to take advantage of Banks’s relative youth and inexperience to obtain financial support from him. The same inference also implied that Holt was likely to relate false statements to Banks to encourage him to purchase the Suburban.
Moreover, the record in this case actually implies that Holt made a false representation concerning an existing fact. She represented that the Suburban was actually for sale at the *212 time when she persuaded Banks to purchase the vehicle and make payments to her for that purpose. Thus, Holt falsely represented a fact about the present status of the vehicle at that time. Although Holt promised that she would sell the Suburban to Banks in the future when he had completed all of his installment payments and paid her the full purchase price of the vehicle, Banks had to rely to some degree on Holt’s representation that the Suburban was actually for sale at the time when he agreed to purchase it and each time that he made payments for the vehicle.
In short, Holt’s argument assumes that she did not make any other representations to Banks about the Suburban beyond her promise to transfer ownership of the vehicle to him at a later date. This assumption is not affirmatively supported by the record. Banks did not testify about the specific representations that Holt made to him that convinced him to buy the Suburban, and Holt denied that the transaction occurred. As such, the record fails to affirmatively establish that Holt did not make additional false statements and, by doing so, commit a criminal offense. Based on these circumstances, we cannot conclude that a clear injustice has occurred that would warrant the application of the ends of justice exception to Rule 5A:18.
In the present ease, the record simply does not contain affirmative evidence establishing Holt’s innocence or the lack of a criminal offense. Accordingly, we decline to apply the ends of justice exception to Rule 5A:18 to her argument, and therefore, do not consider her argument that the evidence was insufficient to prove that she used false pretenses to perpetrate the fraud at issue in this case.
III. CONCLUSION
For the reasons previously stated, we conclude that the ends of justice exception to Rule 5A:18 does not apply under the facts and circumstances of this case. Therefore, we do not *213 address the substance of Holt’s appellate argument and affirm her conviction.

Affirmed.

. Despite the Commonwealth’s erroneous position at trial, we note that an appellate court’s examination "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling.” *206 Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008). Furthermore, we note that neither the Commonwealth nor this Court is bound by the prosecutor’s statements in closing argument. See Calloway v. Commonwealth, 62 Va.App. 253, 259, 746 S.E.2d 72, 75 (2013) ("Furthermore, ‘[the Attorney General] may not be estopped from repudiating the earlier position erroneously taken by the Commonwealth's Attorney, nor may the [Commonwealth] be estopped from changing [its] position.’ ” (quoting In re Dep’t of Corr., 222 Va. 454, 465, 281 S.E.2d 857, 863 (1981) (alterations in original))).

. Holt’s closing argument, as well as the arguments she presented in her motions to strike, focused on her lack of fraudulent intent and Banks’s failure to entrust her with the Suburban at the time of the alleged embezzlement. She never argued that the Commonwealth failed to prove that she made a false representation of a past or existing fact.

. Rule 5A:35 was substantially amended in 2010, two years after the decision in Ferguson, to include the language quoted in this opinion.

. We also reverse Glenn, 49 Va.App. at 423 n. 3, 642 S.E.2d at 287 n. 3, to the extent it holds that a panel opinion is vacated rather than stayed upon the grant of en banc review.

. While we have also applied the ends of justice exception in cases in which juries were not properly instructed on the elements of the charged offense, see, e.g., Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991), the trial court properly instructed the jury on the elements of the offenses charged in the present case.