COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Senior Judges Annunziata, Frank and Petty

TRAVIS CLEAVE HOWELL

v.      Record No. 1218-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 14, 2022

FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Robert H. Sandwich, Jr., Judge

(Paul A. Fritzinger, Deputy Public Defender, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant
Attorney General, on brief), for appellee.


Counsel for Travis Cleave Howell filed a brief on his behalf accompanied by a motion for

leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). A copy of that

brief has been furnished to Howell with sufficient time for him to raise any matter that he chooses.

Howell has not filed any *pro se* supplemental pleadings. After examining the briefs and record in

this case, we affirm the trial court's judgment. We unanimously hold that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In 2000, the Circuit Court of Southampton County convicted Howell of robbery. By final

order entered December 11, 2000, the trial court sentenced him to twelve years' imprisonment with

eight years and six months suspended. The trial court also ordered a ten-year period of supervised

probation. Howell's supervised probation first commenced on November 12, 2003.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Between May 2005 and November 2016, the trial court revoked Howell's suspended sentence five times due to probation violations, by final orders entered on May 5, 2005, August 21, 2006, December 18, 2008, August 5, 2010, and November 3, 2016. In the 2005 revocation order, the trial court re-suspended all but six months of the previously suspended sentence of eight years and six months. In the 2006, 2008, and 2010 revocation orders, the trial court re-suspended all eight years of the remaining suspended sentence, except for any time served. In the 2016 revocation order, the trial court revoked Howell's remaining eight-year suspended sentence, re-imposed that sentence, and re-suspended four years and six months, for an active sentence of three years and six months, followed by an additional four years of supervised probation.

Howell's most recent term of supervised probation commenced on July 2, 2021. On August 25, 2021, a probation officer filed a major violation report asserting that on July 27, 2021, Howell's fiancée informed the probation officer that Howell had overdosed and was hospitalized on July 12. Howell denied overdosing and claimed he had passed out due to a blood pressure spike, even after the probation officer showed him medical records documenting the overdose. Under the sentencing guidelines, Howell's recommended sentencing range was one to four years' incarceration.

At the revocation hearing, the trial court admitted the major violation report into evidence without objection. A mitigation specialist from the public defender's office testified that Howell's probation officer told her that, given Howell's overdose, the officer preferred that Howell receive in-patient drug treatment rather than be incarcerated. Further, the mitigation specialist stated that Howell's fiancée had secured him a bed in the Salvation Army's in-patient drug treatment program.

Howell admitted that he overdosed on July 12, 2021 and that he had a "severe drug problem." He asserted that he took fentanyl pills believing they were Percocet. Howell testified that before his most recent arrest, he obtained a full-time job and took classes toward obtaining his

driver's license. He also "reconnected with [his] family," including his four children. Howell asserted that he spent the last two years of his previous term of incarceration at Indian Creek Correctional Center; he claimed that many inmates used drugs at Indian Creek and that he received no drug treatment there. Howell "want[ed] an opportunity to save [his] life" by entering the Salvation Army in-patient program, so that he could help his family. Accordingly, Howell asked the trial court to re-suspend the entire previously suspended sentence of four years and six months.

The Commonwealth asked the trial court to re-impose the sentence of four years and six months with no time suspended. It noted the seriousness of Howell's underlying robbery charge and that this was the sixth revocation of his suspended sentence. It also argued that Howell had not taken full responsibility for his actions and that the sentencing guidelines range was one to four years.

The trial court found that Howell violated the terms of his supervised probation. The trial court acknowledged that Howell had a drug addiction and that inmates can obtain drugs while incarcerated, though the court did not credit Howell's assertion that drugs were widely available at Indian Creek. The trial court also noted that Howell had numerous opportunities to address his drug addiction and that he began using drugs almost immediately upon commencing his most recent term of supervision.[1] Given Howell's repeated violations, the trial court concluded that Howell should serve some, but not all, of the remaining suspended sentence. By final order entered October 14, 2021, the trial court revoked Howell's previously suspended sentence of four years and six months, re-imposed that sentence, and re-suspended all but two years and six months. Howell appeals.

---

[1] Howell acknowledged that he tested positive for LSD and fentanyl on July 12, 2021, tested positive for fentanyl on July 29, 2021, and tested positive for fentanyl, cocaine, and buprenorphine on August 3, 2021.

ANALYSIS

Howell asserts that the trial court's order re-suspending all but two years and six months of his sentence "was arbitrary and disproportionate to the violation committed." He contends that his revocation sentence violates the Eighth Amendment. He acknowledges that he did not make this argument to the trial court but asks this Court to apply the ends of justice exception to Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Not just any objection will do." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Id.*

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (*en banc*) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220-21 (1997)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)).

We long have declined to conduct a proportionality review in cases that do not involve life sentences without the possibility of parole. *See Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found

- 4 -

a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (*per curiam*)). Accordingly, Howell's proportionality argument does not implicate "a miscarriage of justice," *Holt*, 66 Va. App. at 209, or "a grave injustice," *Bass*, 292 Va. at 27. Therefore, we do not apply the ends of justice exception to Rule 5A:18 to conduct a proportionality review of Howell's revocation sentence of two years and six months.

## CONCLUSION

For these reasons, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Travis Cleave Howell is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed*.