COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Annunziata, Clements and Haley

MARK OLIVER ADKINS, JR.

v.      Record No. 0481-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 27, 2022

FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
Carson E. Saunders, Jr., Judge

(Terry R. Driskill, on brief), for appellant. Appellant submitting on
brief.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.


Mark Oliver Adkins, Jr.'s counsel filed a brief on his behalf accompanied by a motion for

leave to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 744 (1967). A copy of

that brief has been furnished to Adkins with sufficient time for him to raise any matter that he

chooses. Adkins has not filed any *pro se* supplemental pleadings. The parties agree that "oral

argument is not necessary." Code § 17.1-403(ii). After examining the briefs and record in this

case, we have determined that this appeal is wholly frivolous and affirm the trial court's

judgment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

In 2011, the trial court convicted Adkins on guilty pleas of two counts of distribution of oxycodone, conspiracy to distribute oxycodone, two counts of distribution of a Schedule III substance, distribution of cocaine, attempted distribution of an imitation substance, and possession of marijuana. The trial court sentenced him to 150 years in prison and thirty days in jail, with all but three years suspended.

In August 2017, the trial court revoked Adkins's suspended sentences and resuspended the full sentences except for time served. Adkins was found guilty in 2018 of selling stolen property, two counts of breaking and entering, and three counts of grand larceny, for which he received a sentence of ninety years' imprisonment with all but six months suspended. The court again revoked Adkins's 2011 suspended sentences in August 2021 and resuspended the full sentences conditioned on Adkins successfully completing the Community Corrections Alternative Program ("CCAP").

In October 2021, Adkins's probation officer issued a major violation report alleging that Adkins had attempted to smuggle Suboxone into the CCAP and had admitted to using Suboxone every two to three days while incarcerated during the preceding three weeks. Adkins was accordingly removed from the CCAP. The probation officer alleged that Adkins had violated standard Condition 8—prohibiting him from unlawfully using, possessing, or distributing controlled substances—and the special condition that he complete the CCAP program. The trial court issued a capias to show cause in November 2021 and another capias in January 2022.

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

Adkins stipulated at the February 2022 revocation hearing that the probation officer's report was accurate, that Adkins had committed a third or subsequent technical violation,[2] and that completing the CCAP program had been a special condition of his probation. The parties agreed that Adkins had a total suspended sentence of 236 years and six months.

Adkins proffered that he struggled with drug addiction, that he had been incarcerated continuously in either jail or the CCAP since his previous probation violation, and that he was participating in jail programs. Adkins asserted in allocution that he had significantly improved in the preceding fourteen months. The Commonwealth asked the trial court to revoke "a substantial portion" of Adkins's suspended sentences. Adkins asked the court to revoke "a smaller portion" but did not request a specific sentence. The trial court revoked Adkins's previously suspended sentences and resuspended all but four years.[3] Adkins appeals.

ANALYSIS

Adkins's sole argument on appeal is that his sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment because it is "unnecessarily lengthy for a probation violation." Adkins concedes that he did not raise this issue in the trial court but asks us to consider his argument under the ends of justice exception to Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Conley v. Commonwealth*, 74 Va. App. 658, 682

---

[2] The Commonwealth's attorney stated at the revocation hearing that Adkins's previous revocations were based on his failure to report to probation.

[3] The trial court denied Adkins's subsequent motion for modification.

- 3 -

(2022) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (*en banc*)). "In order to avail oneself of the exception, [Adkins] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Id.* (quoting *Holt*, 66 Va. App. at 210).

The ends of justice do not excuse Adkins's failure to preserve his argument. "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). If the basis of the violation is that the defendant violated a condition other than a technical violation, the trial court "may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). If the basis of the violation is that the defendant committed "a third or subsequent technical violation," the trial court "may impose whatever sentence might have been originally imposed."[4] Code § 19.2-306.1(C).

Adkins argues that his sentence violates the Eighth Amendment because it is disproportionate to his probation violation. It is well established that we will not engage in a

---

[4] The General Assembly amended Code § 19.2-306(C) and codified Code § 19.2-306.1 effective July 1, 2021. 2021 Va. Acts Sp. Sess. I, ch. 538. Those amendments apply because Adkins violated his probation after July 1, 2021 and the revocation proceedings began after July 1, 2021. *Green*, 75 Va. App. at 84 n.4. The parties agree that Adkins committed a third or subsequent technical violation and violated a non-technical special condition. Accordingly, Code § 19.2-306.1 permitted the trial court to impose up to the entirety of Adkins's suspended sentences.

proportionality review in cases that do not involve life sentences without the possibility of parole.[5] *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)); *cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Accordingly, Adkins has failed to demonstrate that a miscarriage of justice has occurred, and the ends of justice do not excuse his failure to preserve his argument in the trial court.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment and grant the motion for leave to withdraw. *See Anders*, 386 U.S. at 744. This Court's records shall reflect that Mark Oliver Adkins, Jr. is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*

---

[5] Adkins's reliance on *Solem v. Helm*, 463 U.S. 277 (1983), is therefore misplaced, as the defendant in that case received a life sentence without the possibility of parole for uttering a $100 "no account" check. 463 U.S. at 281-82.