COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Athey and White

RICHARD ALLEN CALDWELL

v.      Record No. 0576-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 1, 2022

FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Edward K. Stein, Judge

(Craig M. Leisure, on brief), for appellant.

(Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
Assistant Attorney General, on brief), for appellee.


Richard Allen Caldwell appeals from the judgment of the Circuit Court of Alleghany

County revoking and resuspending a portion of his previously suspended sentences. Caldwell

contends that the trial court abused its discretion by imposing two years of active incarceration

and two years of supervised probation upon his release. After examining the briefs and record in

this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the trial

court's judgment.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed

unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

On April 6, 2021, Caldwell entered into a plea agreement with the Commonwealth and agreed to plead guilty to two counts of forgery and two counts of uttering in violation of Code § 18.2-172. In exchange, the Commonwealth agreed to *nolle prosequi* two counts of larceny, recommended that Caldwell be sentenced to a total of eight years' incarceration, and further recommended that the trial court suspend the entirety of Caldwell's sentence. Consistent with the terms of the written agreement, the trial court sentenced Caldwell to eight years' incarceration, with all the time suspended on the condition that he comply with supervised probation and be of good behavior.

On July 6, 2021, Caldwell's probation officer reported to the trial court that Caldwell had violated the terms of his suspended sentences by testing positive for methamphetamine and attempting to "adulterate a body fluid sample" in May 2021. On July 15, 2021, the trial court issued a capias for Caldwell. In August 2021, Caldwell's probation officer filed a major violation addendum reporting that Caldwell further violated the terms of his suspended sentences by owning a shotgun. In November 2021, Caldwell's probation officer filed a second major violation addendum reporting that Caldwell further violated the terms of his suspended sentences after having been convicted of "Attempt to Defeat a Drug or Alcohol Screening Test by the Substitution of a False Sample" in West Virginia.

On November 9, 2021, the trial court conducted a revocation hearing considering Caldwell's alleged violations of the terms of his suspended sentences. The record does not include a timely filed transcript of the revocation hearing.[1] The trial court found that Caldwell

---

[1] Under Rule 5A:8(a), "[t]he transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment," in this case February 18, 2022. Caldwell did not file the transcripts in this case until

violated the terms of his suspended sentences, revoked Caldwell's previously suspended eight-year sentence, and resuspended all but two years. The trial court further ordered that Caldwell "shall be placed on the same terms and conditions of his probation that currently exist for a period of two (2) years upon his release." In late December, Caldwell filed a motion to reconsider the sentence imposed. Apparently, without any additional hearing, the trial court denied the motion. Caldwell appeals.

## ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A).[2] If a defendant violates the terms and conditions of his suspended sentence or probation by being convicted of a criminal offense committed after the date of the suspension, "then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." *See* Code § 19.2-306.1(B).

In his brief, Caldwell acknowledges that he was convicted of attempting to alter a drug test. Notwithstanding his conviction, Caldwell argues that the trial court abused its discretion by imposing two years of active incarceration and two years of supervised probation upon his release despite mitigating circumstances. "The burden is on the appellant to provide us a record

March 11, 2022. Caldwell also did not request, nor did the Court grant, an extension of time for filing the transcripts in this case.

[2] Code § 19.2-306 was amended, and Code § 19.2-306.1 was enacted, effective July 1, 2021. *See* 2021 Va. Acts Sp. Sess. I, ch. 538. Neither party argues that the former Code § 19.2-306 governs this case. Moreover, this case does not require the Court to determine whether the former Code § 19.2-306 applies to this case because a trial court has discretion under either statutory framework to impose the balance of a previously suspended sentence when a probationer, as here, commits a new offense during the suspension period. *Compare* Code § 19.2-306.1(B) *with* Code § 19.2-306(C)(ii) (Cum. Supp. 2020). Accordingly, the Court assumes, without deciding, that Code § 19.2-306, as amended effective July 1, 2021, governs this case.

which substantiates the claim of error." *Jenkins v. Winchester Dep't of Social Servs.*, 12 Va. App. 1178, 1185 (1991). Caldwell did not timely file a transcript from the revocation hearing in this case and therefore has provided no evidence upon which this Court can evaluate his claim. He has asked the Court to consider his arguments under Rule 5A:18's ends of justice exception, which would permit him to surmount any possible waiver. We decline to do so.

> Rule 5A:18 provides that no ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. The ends of justice exception is narrow and is to be used sparingly and applies only in the extraordinary situation where a miscarriage of justice has occurred. In order to show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

*Holt v. Commonwealth*, 66 Va. App. 199, 209-10 (2016).

CONCLUSION

The trial court followed the applicable statutes when it imposed a portion of Caldwell's previously suspended sentences. Caldwell has failed to demonstrate that the trial court abused its discretion. Accordingly, we affirm the trial court's judgment.[3]

*Affirmed.*

---

[3] In light of our ruling herein, the Court denies Caldwell's motion for delayed appeal filed on April 11, 2022.