COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Fulton and Lorish

AMANDA DEANNE COLES

v.      Record No. 0729-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
MARCH 28, 2023

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James P. Fisher, Judge[1]

(Eric M. Shamis; King Campbell Poretz & Mitchell, PLLC, on
brief), for appellant.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Jonathan M. Larcomb,
Assistant Attorney General, on brief), for appellee.


        The Circuit Court of Fauquier County convicted Amanda Deanne Coles of one count of

domestic assault and battery, third or subsequent offense within twenty years and sentenced her to

five years of imprisonment with two years and eight months suspended.  Coles appeals her sentence

to this Court arguing that the trial court erred in admitting certain testimony from the victim during

the sentencing hearing.  After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code

§ 17.1-403(ii)(a); Rule 5A:27(a).  For the following reasons, we affirm the trial court's judgment.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] The Honorable Jeanette A. Irby presided over the hearing in which she accepted Coles's
guilty plea.

BACKGROUND

On September 11, 2021, Amanda Coles and D.G.,[2] with whom she has a child in common, had an argument at D.G.'s apartment that escalated into a physical altercation. During their argument, Coles struck D.G. in the back of the head with a glass liquor bottle, cutting his head and causing him to bleed profusely. When Fauquier County sheriff's deputies arrived, they observed a large amount of red liquid dripping down the apartment door, a broken glass bottle with red liquid on it, and D.G. actively bleeding from the back of his head and from his hand.

After her arrest, Coles told sheriff's deputies a substantially similar version of events, only adding that D.G. had been "tugging on the bottle" and claiming that he had pushed her before she hit him. Coles waived her right to a preliminary hearing and pleaded guilty to one count of felony domestic assault, third offense, pursuant to a written plea agreement. At a later sentencing hearing, the trial court heard from D.G. about the impact that Coles's attack had on him as permitted by Code § 19.2-11.01(4). During his testimony he made two statements that are at issue in this appeal: (1) "She [Coles] simply doesn't care about the law, the court system. Look how she's dressed today. She doesn't care," and (2) "What would you do to my black ass if I hit somebody over the head with a liquor bottle?" Coles did not object to this testimony. After reviewing the evidence, hearing argument, and reviewing the presentence report, the trial court imposed a total sentence of five years of imprisonment with two years and eight months suspended. Coles now appeals to this Court.

ANALYSIS

On appeal, Coles contends that the trial court erred in admitting certain statements D.G. made during his victim impact testimony at her sentencing hearing. "In determining the admissibility of evidence at a sentencing hearing, 'the circumstances of the individual case will

---

[2] We use initials in an attempt to better protect the victim's privacy.

dictate what evidence will be necessary and relevant, and from what sources it may be drawn.'" *Meekins v. Commonwealth*, 72 Va. App. 61, 68 (2020) (quoting *Beck v. Commonwealth*, 253 Va. 373, 384 (1997)). "The scope of testimony in the sentencing phase is wide, and the standard for exclusion of relevant evidence is whether the prejudicial effect substantially outweighs its probative value. This is a matter of discretion for the circuit court and is properly reviewed under an abuse of discretion standard." *Prieto v. Commonwealth*, 283 Va. 149, 168 (internal citation omitted), *cert. denied*, 568 U.S. 871 (2012).

Coles never objected at the sentencing hearing to the portions of D.G.'s testimony that she now takes issue with on appeal. Consequently, unless the ends-of-justice exception applies, Coles's arguments on appeal cannot be considered by this Court because they were not preserved for appeal. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."). In her brief, Coles seeks to invoke the ends-of-justice exception to Rule 5A:18, but her argument lacks support for the position that her sentence constitutes a manifest injustice.

"The ends of justice exception is narrow and is to be used sparingly, and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Conley v. Commonwealth*, 74 Va. App. 658, 682 (2022) (internal quotation marks omitted) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (*en banc*)). The Court considers two questions when determining whether the ends-of-justice exception applies: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Williams v. Commonwealth*, 294 Va. 25, 27-28 (2017) (quoting *Commonwealth v. Bass*, 292 Va. 19, 27 (2016)), *cert. denied*, 138 S. Ct. 2604 (2018). "In order to avail oneself of the exception, a defendant must affirmatively show that a

miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Conley*, 74 Va. App. at 683 (quoting *Holt*, 66 Va. App. at 210).

Coles contends that the ends-of-justice exception should apply because the aforementioned statements that D.G. made during his victim impact testimony were considered in error by the trial court and because the trial court's consideration of D.G.'s statements led to "a grave injustice in her sentencing." In fact, however, Coles fails to show that the trial court actually considered the testimony that she argues is prejudicial or racially inflammatory when crafting Coles's sentence. Furthermore, the trial court specified its reasons for its sentencing decision, finding that this attack was "a violent episode" and that Coles had "a record that dates back 10 years," which also involved violence and very serious matters. In addition, the sentence that the trial court gave Coles was within the statutory range of sentencing allowed under the statute. *See* Code §§ 18.2-10, 18.2-57.2; *see also Minh Duy Du v. Commonwealth*, 292 Va. 555, 565 (2016) ("[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." (quoting *Dorszynski v. United States*, 418 U.S. 424, 431 (1974))). Given that Coles failed to show that a miscarriage of justice has occurred here, the ends-of-justice exception is simply not applicable in this case.

## CONCLUSION

For the foregoing reasons, we do not disturb the judgment of the trial court.

*Affirmed.*