COURT OF APPEALS OF VIRGINIA

Present:   Judges AtLee, Causey and Friedman
Argued at Norfolk, Virginia

JERMAINE M. CAPEL

v.      Record No. 0430-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE FRANK K. FRIEDMAN
MAY 16, 2023

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Michelle J. Atkins, Judge

(Cole Roberts; Law Office of Eric Korslund, P.L.LC., on brief), for
appellant.  Appellant submitting on brief.

Jason D. Reed, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Jermaine Capel was charged with trespassing, in violation of Code § 18.2-119.  After the

circuit court called his case and tried to track Capel down in the courthouse—but failed—the court

tried Capel *in absentia* but in the presence of his attorney.  Capel asserts that the circuit court

violated his Sixth Amendment right to confront witnesses.

BACKGROUND

Following an incident on October 22, 2019, a deputy with the Norfolk Sheriff's office

banned Capel from entering the Norfolk City Hall building unless he had a pre-arranged

appointment.  Two weeks later, on November 4, the same deputy saw Capel in the building and,

after confirming he did not have an appointment, arrested and charged him with trespassing under

Code § 18.2-119.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413.

On December 4, the Norfolk City General District Court found Capel guilty of trespassing. Capel appealed to the circuit court. However, he failed to appear in February 2020. The circuit court issued a capias for Capel; Capel then signed a recognizance, stating that he knew he could be tried in his absence if he continued not to appear.

On August 18, 2020, with the Commonwealth and Capel's counsel present, the circuit court called the case to no avail and attempted to page Capel "up and down the building." With no sign of Capel, the parties agreed to waive active jail time in a deal to allow the case to proceed *in absentia*. The court heard the case with Capel's attorney present and convicted Capel of trespassing under Code § 18.2-119. The circuit court ordered Capel to pay costs and banned him from Norfolk City Hall for two years, with certain conditions.

After the court found him guilty and witnesses were excused, Capel showed up in court and filed a *pro se* motion to reconsider. He asserted that due to COVID-19 restrictions in place at the time of his trial, he was not present in the courtroom when his case was called, was waiting in the hallway, and was therefore improperly tried *in absentia*. The circuit court denied the motion.

Capel now appeals, asserting that his Sixth Amendment right to confront witnesses was violated when he was tried *in absentia*. Procedurally, we hold this issue was waived and does not merit consideration under the ends of justice exception to Rule 5A:18.

ANALYSIS

In his assignment of error, Mr. Capel asserts for the first time that he was denied his Sixth Amendment right to confront the witness against him where appellant was present in the courthouse but excluded from the courtroom due to COVID-19 restrictions and was unaware his case was announced. Constitutional questions are reviewed under a *de novo* standard of review. *Reedy v. Commonwealth*, 77 Va. App. 81, 93 (2023). Additionally, we review the record "in the

light most favorable to the Commonwealth, the prevailing party at trial." *Crawford v. Commonwealth*, 281 Va. 84, 97 (2011).

Rule 5A:18 states:

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except . . . to enable this Court to attain the ends of justice. A mere statement that the judgment . . . is contrary to the law . . . is not sufficient to preserve the issue for appellate review.

Here, neither Capel nor his attorney raised the Sixth Amendment Confrontation issue until the assignment of error in the appellant's opening brief. This comes too late. Rule 5A:18. Thus, we turn to whether we must consider the issue under the ends of justice exception.

"The ends of justice exception is narrow and is to be used sparingly, and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (*en banc*) (internal quotations omitted). "In order to show that a miscarriage of justice *has* occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense . . . ." *Redman v. Commonwealth*, 25 Va. App. 215, 221-22 (1997). Further, the appellant "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage of justice *might* have occurred." *Redman*, 25 Va. App. at 221. And "[t]he burden of establishing a manifest injustice is a heavy one" that the appellant must carry. *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009).

Capel does not carry that burden here. The underlying offense is trespass after having been forbidden to do so under Code § 18.2-119. That statute criminalizes the entry of "buildings or premises of another . . . after having been forbidden to do so, either orally or in writing, by the . . . agent of any such person, or other person lawfully in charge thereof . . . ." Code § 18.2-119.

The Commonwealth provided evidence to show that Capel had trespassed in violation of Code § 18.2-119 when he returned to the Norfolk City Hall after being banned from entering.

Capel cannot show that his entering of Norfolk City Hall was not a criminal offense—and the ends of justice exception is inapplicable. Capel fails to show even that a miscarriage of justice *might* have occurred, much less that one *did* occur. Moreover, the circuit court's actions were reasonable and proper under these facts. Capel's counsel did not know where his client was and did not move to continue the case. The court took steps to page Capel "up and down the building" to no avail. The trial had already been postponed; Capel had not shown up on a previous occasion. In fact, Capel's absence led the Commonwealth to agree to waive active jail time in his sentence in order to resolve the matter. Capel's counsel accepted this outcome. Under these circumstances, the circuit court did not err in conducting the trial in Capel's absence.

## CONCLUSION

Capel's Confrontation Clause argument was waived—and the "ends of justice" exception offers no relief. We affirm.

*Affirmed.*