COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Causey and Callins


JAMES VERNON BROOKS, JR.

                                                MEMORANDUM OPINION*
v.       Record No. 0601-22-1                          PER CURIAM
                                                       JULY 18, 2023
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            John W. Brown, Judge

            (Erik A. Mussoni, Assistant Public Defender, on brief), for
            appellant. Appellant submitting on brief.

            (Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
            Assistant Attorney General, on brief), for appellee.


        James Vernon Brooks, Jr. contends that the trial court erred in finding him in violation of the

conditions of his probation and revoking his previously-suspended sentence. We have reviewed the

parties' pleadings, fully examined the proceedings, and determined the case to be wholly without

merit as set forth below. Thus, the panel unanimously holds that oral argument is unnecessary.

Code § 17.1-403(ii)(a); Rule 5A:27(a).

                                          BACKGROUND

        We "view the evidence received at [a] revocation hearing in the light most favorable to

the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences

that may properly be drawn from it." *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)

(alteration in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "[T]he

trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of

_____

        * This opinion is not designated for publication. *See* Code § 17.1-413(A).

abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

On June 23, 2014, the trial court convicted Brooks of possessing oxycodone and, on October 2, 2014, sentenced him to five years' incarceration with four years and nine months suspended, conditioned on supervised probation and successful completion of a substance abuse program. The trial court revoked his suspended sentence on three separate occasions for violating the terms and conditions of his probation. His third revocation order again required Brooks to continue in supervised probation, including mandatory in-person meetings, drug screens, and the successful completion of a substance abuse program.

Brooks's probation officer submitted a major violation report in December 2021, alleging that Brooks failed to enter or complete a substance abuse program, missed two meetings with the officer, was disruptive during a meeting, tested positive for cocaine twice, and produced a diluted sample for a drug test. On December 22, 2021, the trial court issued a capias for Brooks's arrest and ordered him to show cause why his previously-suspended sentence should not be revoked.

At the revocation hearing, the Commonwealth introduced evidence that Brooks failed to enter a substance abuse program because of prescribed medication he took. His probation officer testified that Brooks missed two scheduled appointments, tested positive for cocaine on two separate occasions, and that there was one instance of a diluted sample. During a meeting with the officer, Brooks yelled, refused to calm down, and had to be escorted out of the building.

Brooks testified that he did not complete the substance abuse program at Safe Harbor because it required him to stop taking his prescribed pain medications that he needed to treat his medical conditions. Brooks also claimed that he did not knowingly consume cocaine and speculated that the cocaine-positive tests may have resulted either from taking COVID

medication or marijuana he consumed. Brooks presented no contradicting evidence that he missed appointments and tested positive for cocaine.

During closing argument, Brooks's counsel did not argue the evidence was insufficient to revoke his suspended sentence, but instead requested that the trial court impose a sentence that equaled the time he already served and remove him from probation. The trial court chose to revoke all available time of three years and three months and resuspend two years and three months, referring Brooks back to probation after his one year of incarceration ended. Brooks appeals.

ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned, less any time already served, and may place the defendant upon terms and conditions or probation." *Id.*

Brooks challenges the sufficiency of the evidence to prove that he violated the conditions of his probation, but he acknowledges that his assignment of error raised on appeal was not preserved. Rule 5A:18 allows this Court to consider only issues that were properly presented to the trial court, but Brooks requests review of the issue on appeal "to enable this Court to attain the ends of justice," an exception to the preservation rule. Rule 5A:18. However, "'[t]he ends of justice exception is narrow and is to be used sparingly,' and [it] applies only in the extraordinary

- 3 -

situation where a miscarriage of justice has occurred." *Pulley v. Commonwealth*, 74 Va. App. 104, 126 (2021) (second alteration in original) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt*, 66 Va. App. at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). To do so, the appellant "must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Id.* (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 222 (1997)). "[W]hen an appellant raises a sufficiency of the evidence argument for the first time on appeal, the standard is higher than whether the evidence was insufficient." *Pulley*, 74 Va. App. at 126 (quoting *Holt*, 66 Va. App. at 210). "[I]n examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense." *Id.* (quoting *Holt*, 66 Va. App. at 210).

Brooks concedes that his revocation was premised on failing to abide by two conditions of his probation and that "there was some evidence supporting both allegations." He acknowledges that the record contained evidence that he missed two appointments, was disruptive during a meeting, and "was drug tested nearly twice a month for a full year and only had, at most, three issues." Brooks also does not contest that he failed to complete a substance abuse treatment program, but he claims that it was "through no fault of his own." Although Brooks cites mitigating factors and argues that the trial court erred in its overall judgment, Brooks fails to establish that he "was convicted for conduct that was not a criminal offense" or "prove that an element of the offense did not occur." *Holt*, 66 Va. App. at 210 (quoting *Redman*, 25 Va. App. at 222). Therefore, the "ends of justice" exception to Rule 5A:18 does not apply and Brooks waived his sufficiency of the evidence claim as not properly preserved.

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

*Affirmed.*