UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Chaney and Senior Judge Annunziata

NATHAN TASHOMBE YOUNGER

v.     Record No. 1996-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
OCTOBER 17, 2023

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

(Jim D. Childress, III; Childress Law Firm, PC, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
Assistant Attorney General, on brief), for appellee.


Nathan Tashombe Younger appeals his convictions, in a jury trial, of three counts of

indecent liberties and three counts of carnal knowledge of L.A.F., a 13-year-old child, violating

Code §§ 18.2-370 and -63. He contends that the trial court erred in failing to strike for cause one

of the members of the jury pool. After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit,"

and we affirm the judgment of the trial court. Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

Younger was indicted in Pittsylvania County for three counts of indecent liberties and

three counts of carnal knowledge of L.A.F., a 13-year-old child, violating Code §§ 18.2-370

and -63. During voir dire of the jury, Juror 14 initially indicated difficulty with being impartial

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

due to the nature of the charges, but when asked to raise his[1] card if he could not apply a presumption of innocence, Juror 14's card remained down.  Younger made no motion to strike Juror 14 for cause.  After voir dire, the trial court struck jurors "by lot" before the parties used peremptory strikes; Juror 14 was one of the jurors removed from the jury pool.  The empaneled jury then found Younger guilty of all counts.  The trial court entered a final order on December 19, 2022, sentencing Younger to a collective 45 years of incarceration with 30 years suspended.  This appeal followed.

ANALYSIS

Younger argues the trial court erred in not striking Juror 14 for cause on its own motion.  He acknowledges that the error was not preserved under Rule 5A:18, but he invokes the ends of justice exception and asks this Court to consider the issue.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."  Rule 5A:18.  "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'"  *Friedman v. Smith*, 68 Va. App. 529, 544 (2018) (quoting *Andrews v. Commonwealth*, 37 Va. App. 479, 493 (2002)).  "Rule 5A:18 requires a litigant to articulate an objection with specificity 'so that the trial judge . . . know[s] the *particular* point being made in time to do something about it.'"  *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (alterations in original) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 750, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)).

---

[1] For purposes of this opinion, we refer to Juror 14 using the pronoun "he."

This Court can review non-preserved errors "to attain the ends of justice." Rule 5A:18. "The ends of justice exception is narrow and is to be used sparingly, and [it] applies only in the extraordinary situation where a miscarriage of justice has occurred." *Pulley v. Commonwealth*, 74 Va. App. 104, 126 (2021) (alteration in original) (internal quotation marks omitted) (quoting *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Holt*, 66 Va. App. at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). To do so, the appellant "must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Id.* (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 222 (1997)).

Younger fails to argue or demonstrate that he was convicted for conduct "that was not a criminal offense" or that the record "affirmatively prove[s] that an element of the offense did not occur." *Id.* He only argues that the trial court's failure to remove a juror sua sponte is reversible error, while also acknowledging that the trial court did in fact strike that juror before Younger used any peremptory strikes. Younger therefore fails to establish a manifest injustice, and this is not one of the rare instances where we invoke the ends of justice exception to consider his argument on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed*.